ERIC BENSAMOCHAN, Esq.   SBN 255482
THE BENSAMOCHAN LAW FIRM INC
30851 Agoura Road, Suite 114
Agoura Hills, CA  91301
Tel: (818) 574-5740
Fax: (818) 961-0138
eric@eblawfirm.us

Counsel for Debtor:  La Casa de La Raza, Inc.

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA BARBARA DIVISION

In re:

LA CASA DE LA RAZA, INC.

Debtor.

Case No.  9:16-bk-10331-DS
Chapter 11

**DEBTOR'S REPLY TO COURT'S ORDER TO SHOW CAUSE RE: DISMISSAL.**

**Date:** July 17, 2017
**Time:** 11:30 am
**Courtroom:** 201
**Location:** 1415 State Street
          Santa Barbara, CA 93101

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:**

Debtor La Casa De La Raza, Inc. ("Debtor" or "La Casa"), by and through counsel, hereby responds to this Court's June 11, 2018 Order to Show Cause re Dismissal as Follows:

### I.  BACKGROUND AND SUMMARY OF ARGUMENT

The Board of Directors of La Casa (the "Board") has and continues to act with the necessary authority to initiate the instant action. In the early years of La Casa's existence, its Board was elected by the members of the organization. However, over time La Casa stopped

operating as member-based entity. La Casa has not admitted a new general member, held membership meetings, or collected membership dues in over 13 years. Declaration of Raquel Lopez 1-2. Although no longer operating with an active membership base, La Casa continued to carry out its mission under the leadership of the Board.[1]

The La Casa Bylaws permit current directors to fill Board vacancies by appointment.[2] See La Casa Bylaws at 4.07. California provides for a nine-month statute of limitations to contest the appointment of nonprofit corporation board members in California courts. Cal. Corp. Code §5527. After such a limitation period runs, any appointment is conclusively presumed valid. No proper challenges to the appointments to the La Casa Board have been made, and the applicable limitations period has expired. Accordingly, the La Casa Board is lawfully appointed and has authority to direct the actions of La Casa.

Filing for bankruptcy is within the scope of authority of the validly constituted La Casa Board.

The Board has identified multiple means by which it may move this case forward, including acting after the approval of a plan of reorganization by this Court. The Board has also identified the process by which the Debtor may sell the La Casa Property, which will provide sufficient funds to pay off all creditors in full and allow for the Debtor to exit Bankruptcy with a surplus of funds in order to continue to do its work within the community. Finally, the Debtor may take steps to amend the Bylaws of La Casa in order to eliminate all classes of membership, aligning La Casa's corporate documentation with the manner in which the organization has been operating for well more than a decade.

---

[1] Among other things, during this period the Board authorized La Casa to enter into the Promissory Note and associated Deed of Trust dated June 6, 2012 with Fidelity (the "Loan"). The Loan has since been purchased by secured creditor MLG Leasing, Inc. The property that secures the Deed of Trust is located at 601 E. Montecito Street, Santa Barbara, CA (the "La Casa Property").

[2] The Bylaws of La Casa De La Raza, Inc, as revised in 1999, (the "La Casa Bylaws") are attached as Exhibit A to the Declaration of Raquel Lopez.

## II. ARGUMENT

### A. The Board of Directors of La Casa was authorized to approve the filing of the instant bankruptcy on behalf of La Casa.

#### 1. The Directors of the La Casa Board were validly appointed.

The La Casa Bylaws state that "Vacancies on the Board of Directors may be filled by a majority vote of the Directors ***then in office***." La Casa Bylaws at Section 4.07 (emphasis added). A summary of all recent director appointments to the Board of La Casa is attached as Exhibit B to the Declaration of Raquel Lopez, filed concurrently herewith. Lopez Decl. 4. Each of these appointments was made by the then-existing Board of La Casa. Lopez Decl. 4.

#### 2. As no party has properly challenged the appointments of La Casa's Directors, these appointments are presumed valid.

California Corporate Code §5527, governing California Nonprofit Public Benefit Corporations, states, in full:

> An action challenging the validity of any election, appointment or removal of a director or directors must be commenced within nine months after the election, appointment or removal. If no such action is commenced, in the absence of fraud, any election, appointment or removal of a director is conclusively presumed valid nine months thereafter."

California Corporate Code §5617 carefully details the procedure to contest an election or appointment of director to the board of a California nonprofit in California superior court. Exhibit B to the Declaration of Raquel Lopez summarizes all relevant director appointments to the Board of La Casa. Lopez Decl. □4.

| Name of Member | Appointment to the La Casa Board | Nine Months from Appointment Date |
|---|---|---|
| Susan Brindle | October 11, 2005 | July 11, 2006 |
| Saul Serrano | May 27, 2011 | February 27, 2012 |
| Elizabeth Robinson | June 9, 2014 | March 9, 2015 |
| Diana Aldapa | October 11, 2014 | July 11, 2015 |
| Diane Fujino | August 18, 2015 | May 18, 2016 |
| Ismael Huerta | January 30, 2016 | October 30, 2016 |

| Michael Gonzalez | August 9, 2016 | May 9, 2017 |
| Luis Villegas | September 13, 2017 | June 13, 2018 |
| Mark Martinez | September 13, 2017 | June 13, 2018 |
| Gary Colmenar | September 13, 2017 | June 13, 2018 |

Not a single of these appointments has been properly challenged in a California court. Lopez Decl. □5. Over nine months have passed since the most recent appointments to the La Casa Board. As such, these appointments are conclusively presumed valid under California law.[3]

3. Filing the instant bankruptcy action is within the scope of authority of the La Casa Board.

Article V of the 1971 Articles of Incorporation of La Casa (the "La Casa Articles") states that "The general management of the affairs of this corporation shall be under the control, supervision and direction of the board of directors."[4] Under the La Casa Bylaws, the Board is empowered to "exercise the powers of the corporation, control its property and conduct its affairs." See Section 4.02. No additional special approvals are required under these corporate documents to file a bankruptcy.

On February 9, 2016, the Board resolved to authorize the filing of a Chapter 11 Bankruptcy by La Casa. (See Exhibit D to the Lopez Decl.). As the Board was validly constituted and acting within its authority, this filing was authorized.

---

[3] Even in the period between the appointment of a director and the tolling of this statute of limitations, where such a director is acting in that capacity with all accompany duties and responsibilities, that director is acting, at minimum, in a de facto capacity. *See, Masterwear Corp. v. Angel & Frankel, P.C. (In re Masterwear Corp.)*, 233 B.R. 266, 273 (Bankr. S.D.N.Y. 1999) ("[N]ewly elected directors continue as de facto directors until a court of competent jurisdiction ousts them.); *Church of God in Christ Jesus, Inc. v. Griffin*, 1998 WL 895898, at *3(R.I. Super. Dec. 7, 1998). ("While it is true that the defendants were not elected officers in accordance with the by-laws, each was in actual possession of the office and acted as such under color of right. Hence, [defendants] are clearly de facto officers and directors.") "A board consisting of de facto directors has the same authority as a de jure board to bind the corporation, at least insofar as third persons are concerned." *Id.* at 272.

[4] The Articles of Incorporation of La Casa De La Raza, Inc, filed May 7, 1971 are attached as Exhibit C to the Declaration of Raquel Lopez.

**B.  La Casa has multiple mechanisms through which it may validly move the
present case forward.**

As multiple mechanisms exist by which La Casa may dispose of its assets and move the
present case forward, the following are presented as just some of the options that the Debtor is
contemplating as it relates to the sale of its property. The appropriate course shall be selected by
the Board of La Casa, acting within its authority and with the approvals, if any, detailed in each
option as follows.

1. If a bankruptcy plan of reorganization is approved, no further approvals
are required by the Board or Members of La Casa.

Actions taken by a California corporation pursuant to an approved plan of reorganization,
may be carried out without further action by the board or shareholders of that corporation. Cal.
Corp. Code §1400(a). Cal. Corp Code §6110 instructs that this same Chapter 14 should apply to
California Nonprofit Public Benefit Corporations, with all references to the "shareholders"
deemed reference to "members".

As such, if the Debtor succeeds in getting a plan of reorganization confirmed by this
Court, no further approvals will be required to execute such a plan.

2. The La Casa Board may choose to seek membership approval for the sale
of the La Casa Property.

As this Court is aware, the Debtor has only one secured creditor, MLG Leasing, Inc.,
holder of a note secured by a deed of trust against the La Casa Property. A sale of the La Casa
Property is expected to be more than sufficient to permit the payoff of all of Debtor's creditors,
both secured and unsecured.

The La Casa Articles and La Casa Bylaws grant the Board broad general authority,
including over the control and disposal of property of La Casa. *See*, La Casa Articles at Article
V; La Casa Bylaws at Section 4.02. The La Casa Property is unquestionably an asset of La Casa.

Neither the La Casa Bylaws nor the Articles of the Debtor demand any additional approvals specific for the disposal of real property. A California Nonprofit Public Benefit Corporation may sell, lease, convey, exchange, transfer, or otherwise dispose of all or substantially all of its assets only after approval by the Board, and, if the transaction is not in the usual and regular course of the non-profit's activities, i) approval by the members and ii) notice to the California Attorney General.[5] Cal. Corp. Code §§5911; 5913.

Article 3 of the La Casa Bylaws details notice and meeting requirements for a meeting of the Members of La Casa.[6] The Board or the President of La Casa may call a special meeting of the Members of La Casa for the purpose of seeking approval of the sale of the La Casa Property. La Casa Bylaws, Section 3.03.

At such a duly held meeting, approval of the majority of the members be considered membership approval of the sale of the La Casa Property. La Casa Bylaws at Section 3.06.

   3. **La Casa, upon approval of the Board and its members, may choose to amend its Bylaws to eliminate membership from La Casa's corporate structure.**

Although does not have an active membership and has instead has continued to operate and provide services under the direction of the Board for many years. La Casa does not maintain a membership book, does not accept or solicit applications for membership, and has not received any membership dues in over 13 years. Lopez Decl. ☐☐1-2. In practice, La Casa has no members aside from the Lifetime Members. In light of the questions raised in this proceeding, the Board may choose to amend the La Casa Bylaws to eliminate members altogether. In fact, one only

---

[5] The California Attorney General must be given 20 days prior to the sale of all or substantially all of the assets of a California Nonprofit Public Benefit Corporation where such sale is not in the usual and regular course of the organization's activities. Cal. Corp. Code §5913.

[6] Initial founding members and succeeding Board Presidents of La Casa are considered "Lifetime Members" of La Casa. La Casa Bylaws at Section 2.02. La Casa memberships, including Lifetime Memberships are non-transferable and non-assignable. *Id.* at Section 2.08. La Casa does not maintain a membership book, does not accept or solicit applications for membership, and has not received any membership dues in over 13 years. Lopez Decl. ☐☐1-2. In practice, La Casa has no members aside from the Lifetime Members.

1    need to look at the Operating reports filed in this case to see that no membership dues have been

2    collected by the Debtor since the filing. This is true also for the decades pre-petition as well.

3        "Modification or elimination of membership is permissible when fair, reasonable, and

4    statutorily approved methods are followed." *Health Maint. Network v. Blue Cross of So.*

5    *California*, 202 Cal. App. 3d 1043, 1058 (Ct. App. 1988). California law details a process by

6    which nonprofit corporations may choose to amend the Bylaws in order to eliminate a class or all

7    classes of membership. See Cal. Corp. Code § 5342.[7]

8        Where a nonprofit corporation has no members, any action that would otherwise require

9    approval of the members shall require only approval of the Board. Cal. Corp. Code §5310(b).

10   This would eliminate the need for any member approval to dispose of all or substantially all of

11   the assets of the Debtor under Cal. Corp. Code §5911, discussed in Section II.b.iii above.

---

[7] For ease of reference, Cal. Corp. Code § 5342 reads as follows:

"(a) An amendment of the articles or bylaws which would terminate all memberships or any class of memberships shall meet the requirements of this part and this section.

(b) Before such an amendment is adopted the corporation shall give written notice to members not less than 45 nor more than 90 days prior to any vote by the members on the amendment. The written notice shall describe the effect of the amendment on the corporation and the members. However, written notice need not be given at least 45 days prior to any vote by the members on the amendment if all members entitled to vote receive a written notice prior to the vote setting forth the information described in the preceding sentence and sign a written waiver of 45 days notice.

(c) Any such amendment shall be approved by the members.

(d) The articles or bylaws may impose additional requirements regarding termination of all memberships or any class of memberships.

(e) Upon request of a member the corporation shall provide at its option the rights set forth in either paragraph (1) or (2) of subdivision (a) of Section 6330 as soon as reasonably possible to allow the member to communicate with other members regarding the proposed amendment.

(f) Any such amendment shall terminate the rights members have pursuant to this part as members.

(g) The provisions of Section 5341 shall not apply to termination of all memberships or any class of memberships pursuant to an amendment of the articles or bylaws."

### III.CONCLUSION

Based on the foregoing, Debtor prays this court discharges the Order to Show cause and allow this case to continue and to permit the Board to select and carry out one of the mechanisms described herein in order to move the case forward to some final resolution.

Dated: July 3, 2018                                        The Bensamochan Law Firm, Inc.

ERIC BENSAMOCHAN, ESQ.

COUNSEL FOR DEBTOR

### DECLARATION OF RAQUEL LOPEZ

I, Raquel Lopez, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as witnesses I could and would competently testify to the truthfulness of all of the below statements.

1. I am the Executive Director of La Casa De La Raza, Inc. ("La Casa"), the debtor in this action. I have served in this for over 13 years.

2. La Casa has not accepted new members or accepted any membership dues in the entire period of my tenure at La Casa. La Casa does not maintain a membership log, solicit or accept applications for membership.

3. Attached as Exhibit A to this declaration is a true and correct copy of the Bylaws of La Casa De La Raza, Inc, as revised in 1999.

4. I have reviewed the minutes and records of La Casa. Based on my review, I have attached as Exhibit B to this declaration the minutes of the La Casa Board that indicate the respective dates of appointments of recent directors to the Board of La Casa. Each of these appointments was made by the then-existing Board of La Casa. A summary of those appointment dates are as follows:

| Name of Member | Voted on the Board |
|---|---|
| Susan Brindle | October 11, 2005 |
| Saul Serrano | May 27, 2011 |
| Elizabeth Robinson | June 9, 2014 |
| Diana Aldapa | October 11, 2014 |
| Diane Fujino | August 18, 2015 |
| Ismael Huerta | January 30, 2016 |
| Michael Gonzalez | August 9, 2016 |
| Luis Villegas | September 13, 2017 |
| Mark Martinez | September 13, 2017 |
| Gary Colmenar | September 13, 2017 |

5. None of the director appointments listed in Exhibit B have been challenged by any party in California Superior Court.

6. Attached as Exhibit C to this declaration is a true and correct copy of the Articles

8

1        of Incorporation of La Casa De La Raza, Inc, filed May 7, 1971.

2      7.  I attended the February 9, 2016 meeting of the La Casa Board. Attached as

3        Exhibit D to this declaration is a true and correct copy of the minutes of the La

4        Casa Board's February 9, 2016 meeting.

5     I declare under penalty of perjury under the laws of California that the above is true and

6 correct and that this declaration was completed this 3 day of July 2018, at Santa Barbara,

7 California.

8

9                                        Raquel Lopez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

| In re: | | CHAPTER: **11** |
|---|---|---|
| **La Casa de la Raza, Inc.** | Debtor(s). | CASE NUMBER: 9:16-BK-10331-PC |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**30851 Agoura Rd., Suite 114
Agoura Hills, CA 91301**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S REPLY TO COURT'S ORDER TO SHOW CAUSE RE DISMISSAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **7/3/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> United States Trustee (ND):  ustpregion16.nd.ecf@usdoj.gov
> **Brian D Fittipaldi:**  brian.fittipaldi@usdoj.gov
> **Eric Bensamochan:**  eric@eblawfirm.us
> **Matthew M. Clarke:**  matt@christmankelley.com
> **Anthony C Fischer:**  Fischlaw@Gmail.com
> **Amelia Puertas-Samara:**  itcdbgc@edd.ca.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On  **7/3/2018** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **Hon. Deborah J. Saltzman
> United States Bankruptcy Court
> Central District of California
> Edward R. Roybal Federal Building and Courthouse
> 255 E. Temple Street, Suite 1634
> Los Angeles, CA 90012**

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, EXPRESS PRIORITY MAIL, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 3, 2018 | Paulina Buitron | /s/Paulina Buitron |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **9013-3.1.PROOF.SERVICE**

| In re:<br>     **La Casa de la Raza, Inc.**<br><div align="right">Debtor(s).</div> | CHAPTER **11**<br>CASE NUMBER |
| --- | --- |

ADDITIONAL NOTICE:

La Casa de la Raza, Inc.
601 E. Montecito Street
Santa Barbara, CA 93103

Eric Bensamochan, Esq. SBN
The Bensamochan Law Firm, Inc.
30851 Agoura Rd., Suite 305
Agoura Hills, CA 91301

Barbara Muniz
133 Wilson Avenue
Santa Barbara, CA 93103

United States Trustee
Los Angeles DIvision
915 Wilshire Blvd., #1850
Los Angeles, CA 90017

COX COMMUNICATIONS
Attn. Bankruptcy Center
1341 Crossways Blvd.
Chesapeake, VA 23320-2897

Department of Treasury
Internal Revenue Services
P.O. Box 7346
Philadelphia, PA 19101-7346

EDD
P.O.Box 826219
Sacramento, CA 94230-6219

Elizabeth Gail Currans
916 Woods Drive
Ypsilanti, MI 48197

Elizabeth Robinson
425 Pomona Ct.
Goleta, CA 93117

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
P.O. Box 942857
Sacramento, CA 94257-0511

Franchise Tax Board
Bankruptcy Section MS A340
P.O.Box 2952
Sacramento, CA 95812

Internal Revenue Service
Dept of the Treasury
Ogden, UT 84201-0039

Internal Revenue Services
P.O. Box 7346
Philadelphia, PA 19101-7346

Juan Manzo
7108 del Norte Drive
Goleta, CA 93117

Luis Villegas
7102 Del Norte Drive
Goleta, CA 93117

Macaria Moreno
525 W Arrellaga # 5
Santa Barbara, CA 93101

MacFarlane, Faletti & Co.
Attn; Gail H. Anikouchine
115 E. Micheltorena St., Ste 200
Santa Barbara, CA 93101-1905

MacFarlane, Faletti & Co.
115 E. Micheltorena St., Suite 200
Santa Barbara, CA 93101

Maria Lopez Manzo
7108 Del Norte Drive
Goleta, CA 93117-1330

Marisela Marquez
216 W. Micheltorena Apt. C
Santa Barbara, CA 93101

Marisol Ortiz
123 San Rossano Drive
Goleta, CA 93117-1911

MIguel Angel Avila
3821 Mariana Way
Santa Barbara, CA 93105

MLG Leasing , Inc.
Tomas A Castelo - CEO
Agent for Service of Process
232 E. Anapamu Street
Santa Barbara, CA 93101

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: | CHAPTER **11** |
| **La Casa de la Raza, Inc.** | CASE NUMBER |
| Debtor(s). | |

MLG Leasing, Inc.
P.O. Box 4475
Santa Barbara, CA 93140

Raquel Lopez
7102 Del Norte Drive
Goleta, CA 93117

Saul Serrano
7620 Cathedral Oaks Rd., Apt # 1
Goleta, CA 93117

Southern California Edison
P.O. Box 300
Rosemead, CA 91772-0001

Southern California Edison
Theodore F. Craver Jr. - CEO
2244 Walnut Grove Ave.
Rosemead, CA 91770

Southern California Edison
Cristina E. Limon
Agent for Service of Process
2244 Walnut Grove Ave.
Rosemead, CA 91770

Southern California Edison
CSC - Lawyers Incorporating Service
Agent for Service of Process
2710 Gateway Oaks Dr., Ste. 150N
Sacramento, CA 95833

Southern California Gas Company
Dennis Arriola - CEO
555 W 5th St.
Los Angeles, CA 90013

T-Mobile
c/o American Infosource LP
14515 N Santa Fe Ave
Oklahoma City, OK 73118

The Gas Company
P.O. Box C
Monterey Park, CA 91754-0932

California Secretary of State
Business Programs Division
1500 11th Street
Sacramento, CA 95814

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

# EXHIBIT "A"

LA CASA DE LA RAZA, INC.

## BYLAWS

Revised January 1978
Revised September 1983
Revised June 1999

# BYLAWS
of
# LA CASA DE LA RAZA, INC.

## ARTICLE 1
## PURPOSE

### SECTION 1.01. PURPOSE

The purpose of this corporation shall be to develop and empower the Latino community by affirming and preserving the Latino cultural heritage, by providing an umbrella for services and by advocating for participation in the larger community.

## ARTICLE 2
## IVIEMBERS

### SECTION 2.01. DETERIVIINATION AND RIGHTS OF MEiVIBERS

The corporation should have only one class of members. No member shall hold more than one membership in the corporation. Except as expressly provided in or authorized by the Articles of Incorporation or Bylaws of this corporatio all memberships shall have the same rights, privileges, restrictions and conditions.

No member shall have interest of property right in the assets of the corporation.

### SECTION 2.02. QUALIFICATIONS OF ME:MBERS

Any person of the age of majority may become a member of this corporation.

Initial Founding Board Members and succeeding Board Presidents shall be considered Lifetime Members.

Employees are not voting members of the corporation.

### SECTION 2.03. ADMISSION OF 1VIE1\1BERS

Applicants shall be admitted to membership on making application in writing and upon payment of the first annual dues, as specified in the following section of this Bylaw.

### SECTION 2.04. DUES AND ASSESSIVIENTS

(a) The annual dues payable to the corporation shall be in such amounts as may be determined from time to time by resolution of the Board of Directors.

(b) Memberships shall be non-assessable.

### SECTION 2.05. NUMBER OF MKMBERS

There is no limit on the number of members the corporation may admit.

SECTION 2.06. I\1EMBERSHIP DIRECTORY AND CERTIFICATES

The corporation shall keep a membership directory containing the name and address of each member. The record of names and addresses of the members of this corporation shall constitute the membership list of this corporation and shall not be used, in whole or part, by any person for any purpose not reasonably related to a member's interest as a member.

Membership certificates may be issued in such forms *as* approved by the Board of Directors.

SECTION 2.07. NON-LIABILITY OF IVIKMBERS

A member of this corporation is not, as such, personally liable for the debts, liabilities, or obligations of the corporation.

SECTION 2.08. NON-TRANSFERABILITY OF MEI\IBERSHIPS

Memberships shall be non-transferable. and non-assignable:- All rights of membership cease upon the member's death.

SECTION 2.09. TERMJNATION OF MEMBERSHIP

The membership of a member shall terminate upon the occurrence of any of the following events:

(1) Upon a failure to renew his or her membership by paying dues on or before their due date, such determination to be effective thirty (30) days after a written notification of delinquency is given personally or mailed to such member by the Secretary of the corporation.

(2) Upon his or her notice of such termination delivered to the President or Secretary of the corporation personally or by mail, such membership to terminate upon the date of delivery of the notice or date of deposit in the mail.

(3) Upon a determination by the Board of Directors that the member has engaged in conduct materially and seriously prejudicial to the interests or purposes of the corporation.

Fallowing the determination that a member should be expelled under subparagraph (3) of this section, the following procedure shall be implemented:

(1) A notice shall be sent by first-class or registered mail to the last address of the member as shown on the corporation's records, setting forth the reasons for the expulsion. Such notice shall be sent at least fifteen (15) days before the proposed effective date of the expulsion.

(2) The member being expelled shall be given opportunity to be heard, either orally or in writing, at a hearing to be held not less than five (5) days before the effective date of the proposed expulsion. The hearing will be held by the Board of Directors in accordance with the quorum and voting rules set forth in these Bylaws applicable to the meetings of the Board. The notice to the member of his or her proposed expulsion shall state the date, time, and place of the hearing on his or her proposed expulsion.

(3) Following the hearing, the Board of Directors shall decide whether or not the member should in fact be expelled, suspended, or sanctioned in some other way. The decision of the Board shall be final.

(4) If this corporation has provided for the payment of dues by members, any person expelled from the corporation shall receive a refund of dues already paid. The refund shall be pro-rated.

SECTION 2.10. RIGHTS ON TERMINATION OF IVIEIVIBERSHIP

All rights of a member in the corporation shall cease on termination of membership as provided in these Bylaws.

## ARTICLE 3
## MEETINGS OF MEM::BERS

### SECTION 3.01. PLACE OF MEETINGS

Meetings of members shall be held at the principal office of the corporation, located in the County of Santa Barbara, 601 E. Montecito Street, Santa Barbara, California 93103.

### SECTION 3.02. ANNUAL MEETING

There shall be a yearly meeting of the membership The yearly meeting shall be known as the annual meeting and shall be held for the purpose of electing members to the Board of Directors and transacting other business as may come before it. Neither cumulative voting nor voting by proxy shall be authorized and no single vote shall be split into fractional votes. The candidates receiving the highest number of votes up to the number of Directors to be elected shall be elected. Each voting member shall cast one vote, with voting being by ballot only. The annual meeting of members for the purpose of electing directors shall be deemed a regular meeting and any reference in these Bylaws to regular meetings of members refers to this annual meeting.

### Section 3.03. SPECIAL MEETINGS OF IVIEIVIBERS

Special meetings shall be called by the Board of Directors or the President of the corporation or by five percent (5%) or more of the members.

### SECTION 3.04. NOTICE OF MEETINGS

Whenever members are required or permitted to take action at a meeting, a written notice of the meeting shall be given by the Secretary of the corporation not less than ten (10) nor more than ninety (90) days before the date of the meeting to each member who, on the record date for the notice of the meeting, is entitled to vote, provided, however, that if notice is given by mail and the notice is not mailed by first-class mail, that notice shall be given twenty(20) days before the meeting.

Notice of a members' meeting or any report shall be given either personally or by mail t0 the member at the address of such member appearing on the books of the corporation or at the place where the principal office of the corporation is located.

Notice of a membership meeting shall state the place, date, and time of the meeting and (I) in the case of a special meeting, the general nature of the business to be transacted, and no other business may be transacted, or (2) in the case of a regular meeting, those matters which the Board, at the time notice is given, intends to present for action by the members. The notice of any meeting of members at which directors are to be elected shall include the names of all those who are nominees at the time notice is given to members.

If a special meeting is called by members as authorized by these Bylaws, the request for the meeting shall be submitted in writing, specifying the general nature of the business proposed to be transacted and shall be delivered personally or sent by registered mail to the President, Vice President or Secretary of the corporation. The officer receiving the request shall promptly cause notice to be given to the members entitled to vote that a meeting will be held, stating the date of the meeting. The date for such meeting shall be fixed by the Board and shall not be less than thirty-five (35) nor more than ninety (90) days after the receipt of the request for the meeting. If the notice is not given within twenty (20) days after the receipt of the request, persons calling the meeting may give the notice themselves.

Ifaction rs proposed to be taken or is taken with respect to the following proposals, such action shall be invalid unless unanimously approved by those entitled to vote or unless the general nature of the proposal is stated in the notice of meeting:

      1. Removal of Directors without cause;

      2. Filling of vacancies on the Board by members;

      3. Amending the Articles of Incorporation; and

      4. An election to voluntarily wind up and dissolve the corporation.

## SECTION 3.05. QUORUM FOR MEETINGS

A quorum for the annual or special meetings shall consist of five percent (5%) of the voting members of the organization.

The members present at a duly called and held meeting at which a quorum is initially present may continue to do business notwithstanding the loss of a quorum at the meeting due to a withdrawal of members from the meeting provided that any action taken after the loss of a quorum must be approved by at least a majority of the members required to constitute a quorum.

In the absence of a quorum, any meeting of the members may be adjourned from time to time by the vote of a majority of the votes represented in person at the meeting, but no other business shall be transacted at such meeting.

Notwithstanding any other provision of this Article, if this corporation authorizes members to conduct a meeting with a quorum of less than one third (1/3) of the voting power, then, if less than one-third (1/3) of the voting power actually attends a regular meeting then no action may be taken on a matter unless the general nature of the matter was stated in the notice of the regular meeting.

## SECTION 3.06. MAJORITY ACTION AS MEMBERSHIP ACTION

Every act or decision done or made by a majority of voting members present in person at a duly held meeting at which a quorum is present is the act of the members, unless the law, the Articles of Incorporation of this corporation, or these Bylaws require a greater number.

## SECTION 3.07. VOTING RIGHTS

Each member is entitled to one one vote on each matter submitted to a vote by the members. Voting at duly held meetings shall be by voice vote. Election of Directors, however, shall be by ballot.

## SECTION 3.08. CONDUCT OF MEETINGS

Meetings of members shall be presided over by the President of the corporation or, in his or her absence, by the Vice President of the corporation. The Secretary of the corporation shall act as Secretary of all meetings of members.

Meetings shall be governed by Robert's Rules of Order and may be revised from time to time, insofar as such rules are not in conflict with these By-laws, with the Articles of Incorporation of this corporation, or with law.

## SECTION 3.09. REASONABLE NOMINATION AND ELECTION PROCEDURES

This corporation shall make available to members reasonable nomination and election procedures with respect to the election of Directors by members. Such procedures shall be reasonable given the nature, size and operations of the corporation.

Generally, any person who is qualified to be elected to the Board of Directors shall be nominated at the annual meeting of members held for the purpose of electing directors by any member present at the meeting .

Every year the Board of Directors shall appoint an Nominati.ng Committee comprised of Board Members and Members of the corporation to conduct and supervise elections to the Board of Directors.

The Nominating Elections Committee shall nominate the same number of vacancies that occur during that year.

## ARTICLE 4
## DIRECTORS

## SECTION 4.01. NUMBER

There shall be at least fifteen (15) but not more than twenty-nine (29) members on the Board of Directors.

The Board of Directors of this corporation shall be elected by members only.

Initial Founding Board Members and succeeding Board Presidents shall be considered non-voting ex-officio Board Members. Such ex-officio status will not be counted to fulfill a quorum.

## SECTION 4.02. POWERS

The Directors shall exercise the powers of the corporation, control its property and conduct its affairs, except as otherwise provided by law, by the Articles of Incorporation or by these Bylaws.

The term of office for the Board of Directors shall be three years, unless otherwise specified. The terms of office for members of the Board of Directors will be established so that the same number of vacancies will occur each year.

No Directors may serve more than two (2) consecutive tenns. Following two consecutive tenns, a Director must relinquish the office for one (1) year before becoming eligible for reelection to the office of Director.

## SECTION 4.04. COMJ>ENSATION

Directors shall serve without compensation except that they shall be allowed and paid reasonable advancement or reimbursement of expenses incurred in the performance of their duties as volunteers in the corporation.

## SECTION 4.05. MEETINGS

Directors shall meet once a month for a regular meeting. Special meetings of the Board may be called by the President or any two Directors and such meetings shall be held at the time, place and hour designated by the persons calling the meeting.

(a) Notice of the time and place of meetings shall be delivered to each Director personally or by mail at least seven (7) days prior to any meeting

(b) A quorum shall consist of fifty-one percent (51%) of the Directors currently holding office.

(c) In the absence of a quorum, the Board shall transact no business, except as otherwise expressly provided by law, and the only motion the Chair shall entertain is a motion to adjourn.

All meetings of the Board of Directors are open to members, employees of the corporation and the public. However, Board members may vote at any time for an Executive Session limited to the Board Members and those persons the board invites to participate.

Meetings of Directors shall be governed by Robert's Rules of Order.

## SECTION 4.06. REMOVAL OF DmECTORS

The Board of Directors may declare vacant the office of a Director if the Director has failed to attend three (3) consecutive meetings or six (6) meetings in a twelve (12) month period unless such Director has requested and received a leave of absence from the Board.

SECTION 4.07. VACANCIES
Vacancies on the Board of Directors may be filled by a majority vote of the Directors then in office. This person will remain on the Board for the period of time that the vacant position called for.

A leave of absence for any director may be granted by a simple majority vote of the Board.

SECTION 4.08.NON-LIABILITY OF DIRECTORS
The Directors shall not be personally liable for the debts, liabilities, or other obligations of the corporation.

SECTION 4.09. INDEIVINIFICATION BY CORPOR.\TION OF DIRECTORS, OFFICERS, E1VIPLOYEES AI'ID OTHER AGENTS
To the extent that a person who is, or was, a Director, Officer, Employee or other Agent of this corporation has been successful on the merits in defense of any civil, criminal, administrative or investigative proceeding brought to procure a judgment against such person by reason of the fact that he or she is, or was, an agent of the corporation, or has been successful in defense of any claim, issue or matter, therein, such person shall be indemnified against expenses actually and reasonably incurred by the person in connection with such proceeding.

If such person either settles any such claim or sustains a judgment against him or her, then indemnification against expenses, judgments, fines, settlements and other amounts reasonably incurred in connection with such proceedings shall be provided by this corporation but only to the extent allowed by, and in accordance with the requirements of, Section 5238 of the California Nonprofit Public Benefit Corporation Law.

## ARTICLE 5
## OFFICERS

SECTION 5.01. NUIVIBER OF OFFICERS
The corporation shall have a President, a Secretary and a Treasurer. The Corporation may also have, as determined by the Board of Directors, one or more Vice Presidents or other officers. Any number of offices may be held by the same person except that neither the Secretary nor the Treasurer may serve as the President.

SECTION 5.02. QUALIFICATION, ELECTION, A.I'ID TERJ1 OF OFFICE
Any person may serve as officer of this corporation.

Officers of the corporation shall be elected by the Directors of the Board at the regular meeting following the election. Terms of office shall be for one {l) year ending with the next Annual Meeting.

The resolution designating each "advisory" Committee shall provide for the appointment of its members and Chair, state its purpose(s) and provide for its termination. Committees shall be composed of at least one Board member and may include the public at large. Each Board member shall serve on at least one committee.

*All* committee meetings shall be open to members, eqiployees and the public-at-large.

## ARTICLE 7
## EIVIPLOYEES

### SECTION 7.01. EXECUTIVE DIRECTOR
The Board of Directors shall appoint an Executive Director on the recommendation of the President. The Executive Director shall be accountable to the President.

## ARTICLE S
## EXECUTION OF INSTRUMENTS, DEPOSITS AND FUNDS

### SECTION 8.01. EXECUTION OF INSTRUMENTS
The Board of Directors, except as otherwise provided in these Bylaws, may by resolution authorize any officer or agent of the corporation to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances. Unless so authorized, no officer, agent, or employee shall have any power or authority to bind the corporation by any contract or engagement or to pledge its credit or to render it liable monetarily for any purpose or in any amount.

### SECTION 8.02. CHECKS AND NOTES
Except as otherwise specifically determined by resolution of the Board of Directors, or as otherwise required by law, checks, drafts, promissory notes, .orders for payment of money, loans, and other evidences of indebtedness of the corporation ,shall be signed by the Treasurer and countersigned by the President of the corporation.

### SECTION 8.03. DEPOSITS
All funds of the corporation shall be deposited from time to time to the credit of the corporation in such banks, trust companies, or other depositories as the Board of Directors may select.

### SECTION 8.04. GIFTS
The Board of Directors may accept on behalf of the corporation any contribution, gift, bequest, or devise for the charitable or public purposes of this corporation.

# ARTICLE 9
## CORPORATE RECORDS Ai    REPORTS

SECTION 9.01. MAINTENANCE OF CORPORATE RECORDS
The corporation shall keep at its principal office:

(a) Minutes of all meetings of directors, committees of the board and all meetings of members.

(b) Financial records of the corporation.

(c) A record of its members.

(d) A copy of the corporation's Articles of Incorporation and Bylaws.

SECTION 9.02. ANNUAL REPORT
The board shall cause an annual report to be furnished not later than one hundred and twenty
(120) days after the close of the corporation's fiscal year to all directors and members of the
corporation.

# ARTICLE 10
## FISCAL YEAR

SECTION 10.01 FISCAL YEAR OF THE CORPORATION
The fiscal year of the corporation shall begin on January 1 and end on December 31 of each year.

# ARTICLE 11
## AMENDMENT OF BYLAWS

SECTION 11.01. AI"\1ENDMENT
Bylaws shall be amended by a 2/3 majority of the Board at a regular meeting.

# ARTICLE 12
## AI\IIENDMENT OF ARTICLES

SECTION 12.01. AI'VIENDMENT OF ARTICLES
Amendment of the Articles of Incorporation may be adopted by the approval of the Board of
Directors and by the approval of the members of this corporation.

SECTION 12.02. CERTAIN AMENDMENTS
Notwithstanding the above Sections of this Article, this corporation shall not amend its Articles of
Incorporation to alter any statement which appears in the original Articles of Incorporation of the
names and addresses of the first Directors of this corporation, nor the name and address of its
initial agent, except to correct an error in such statement or to delete such statement after the
corporation has filed a "Statement by a Domestic Non-Profit Corporation" pursuant to Section
0210 of the California Nonprofit Corporation Law.

## La CasA de la Raza

La Casa de la Raza, Inc. was established in 1971 as a non-profit, community-based organization with the purpose of providing social, educational, cultural and referral services to Santa Barbara's disadvantaged ethnic minority members, particularly the Latino community, without excluding the provision of such services to the general city population.

## Mission Statement

La Casa de la Raza's mission is to develop and empower the Latino community by affirming and preserving the Latino cultural heritage, providing an umbrella for services and by advocating for participation in the larger community.

## Purpose

Since its inception, the purpose of La Casa has been:

(1) To provide a meeting facility for social, educational, cultural and other activities that serve to enable people to help themselves.

(2) To provide a pool of resource persons who have expertise in numerous areas and who are able to give technical assistance to persons and organizations seeking to improve the quality of life for Santa Barbara's socially and economically disadvantaged citizens.

(3) To encourage individuals of the community to become well informed about issues affecting them and to actively participate in social and civic activities.

(4) To provide social services attuned to the particular needs of the community the organization was founded to serve.

12/1998

# EXHIBIT "B"

## La Casa de la Raza
## Minutes
### December 12, 2000

**Present:** John Paine, Matt Quintos, Donnis Galvan, Raquel Vela Mendoza, George Solinas, Teresa Jurado, Pablo Lino, Carlos Ornelas, Guadalupe Montano, Cesar Trujillo, Steve Weiner, Nick Tonkin, Jose Martinez, Grant House, Michael Marzolla

**Excused:** Jill Martinez, Christopher Wong, Betty Rodriguez, Marcoantonio Menchaca

**Staff:** Hilda Zacarías, Tayde Castro Wilbur

### Call To Order

President John Paine called the meeting to order at 6:30 p.m.

### Approval Of Minutes

**ACTION:** George Solinas moved, Pablo Lino seconded to approve the minutes of November 14, 2000. Approved with one abstention (R. Mendoza)

### Public Comment

Member of the Public, Cruzito Cruz asked to be considered for Board Membership.

### Nominating Committee

Nominating Committee Chair handed the actions requested by the board as follows:

1. The following persons were recommended for board membership for a two-year term beginning January 2001:
   - a. Ruben Rey
   - b. Dr. Alicia Dondero
   - c. Marisela Marquez
   - d. Barbara Sachs
   - e. Rogger Vivar
   - f. Rogelio Trujillo
   - g. Diane Gonzalez
   - h. Cruzito Cruz

These recommendations are subject to the attendance at a Board orientation and a commitment to serve by the individual members.

**ACTION:** Mike Marzolla moved, Tere Jurado seconded to accept these 8 names. Passed unanimously.

2. **ACTION:** Carlos Ornelas moved, Pablo Lino seconded for all current board members are recommended for a one-year term to expire 12/31/01 (this will allow for staggering the terms of board members). Passed unanimously.

**La Casa de la Raza, page two**
**12-12-00 Minutes (continued)**

**Nominating Committee (continued)**

3. Nominations for Officers:   The committee recommends the following board
   members for service as Board Officers:
   President:       John Paine  (to serve until 06/30/01)
   Vice-President: George Solinas (to serve until 06/30/01)
   Treasurer:      Matt Quintos (to serve until 06/30/01)
   Secretary:      Chris Wong (to serve until 12/31/01)

   The committee is recommending a six-month term for Officers (with the exception
   of Secretary to allow new Board Members and existing Board Members the
   opportunity to prepare to serve as Officers).

   **ACTION:**  Carlos Ornelas moved, Grant House seconded, passed unanimously to
   accept the slate of officers as presented.

4. Designation of "Director Emeritus":  Board members who have served at least ten
   years in service as a Board Member would be eligible for the designation of Director
   Emeritus. As "Director Emeritus", the Director would be a non-voting member of
   the board, not be counted in establishing a quorum, be encouraged to accept
   Board Committee assignments, and be included in the corporate letterhead at the
   discretion of the board.

   **ACTION:**  Mike Marzolla moved, Matt Quintos seconded, passed unanimously to
   adopt the designation of "Director Emeritus" as presented above.

5. The committee recommends, "former and prospective board members be allowed
   and encouraged to accept committee assignments".

   **ACTION:** Carlos Ornelas moved, Grant House seconded, passed unanimously.

It was also noted by the nomination committee that it is the responsibility of the President to
appoint committee chairs and the selection of committee chairs. This will be determined when
the new board members are seated in January.

**Financial Report**

Treasurer Matthias Quintos presented the board with financial reports.  The board accepted
the draft report for October 2000.  In addition, the finance committee and the executive
director presented the board the 2001 Budget worksheets. **ACTION:**  Grant House moved,
Michael Marzolla seconded to approve the 2001 budget. Passed unanimously.

La Casa de la Raza, page three
12-12-00 Minutes (continued)

## President's Report

John Paine reported that we have received administrative approval to proceed with our youth center renovations and outdoor painting.

## Executive Director's Report

In addition to the written report Hilda Zacarías commented on the grant proposals she has been working on. She specifically requested approval from the board for the following:

The Board of Directors authorizes the submission of the City of Santa Barbara CDBG applications (Capital request for Family Service Center and programming for Youth Center), the Towbes Foundation (Youth Center Programming), Proposition 10 (additional planning dollars for this fiscal year 00-01), and the United Way (Family Service Center)

**ACTION:** Carlos Ornelas moved, Jose Martinez seconded to approve the submission of these grants, passed unanimously.

## Program Coordinator's Report

In addition to the written report Tayde Castro Wilbur encouraged the board members to attend some of the events scheduled throughout December.

## Facility Report

Please refer to the attached report.

## ADJOURNMENT – John Paine adjourned the meeting at 8:45 p.m.

Respectfully submitted,

Hilda Zacarías

La Casa de la Raza Board Meeting
Minutes
10/11/05

Board Members in Attendance: Ralph Armbuster-Sandoval, Diane Gonzalez, Luis Moreno, Lisa
Valencia-Sherratt, Marisela Marquez
Excused absence: Juliet Betita

**Motion**: Diane moves to accept minutes previous meeting as amended, second by Ralph.

**Motion:** Ralph motions to accept agenda, Second by Lisa.
Changed fundraising efforts to financial report.

**Announcements:**
Oct 16 – Fundraising event at Del Pueblo Café for artists
Oct. 9 – Indigenous People's Day event co-sponsored by La Casa.
Upcoming regional event for Danza Azteca.

**Staff Report:**
**Personnel:**
Facility Manager. Manny has resigned and Ed Gonzalez has been hired after being a longtime
volunteer.
Front Desk: Hiring two people this week, Ana has developed a hiring process and interviewing process.
**Programming:**
After school starting in November.
El Puente are in the youth center on Thrs and Fridays 10am-12 for art and recreation.
Nick Centino (YC director) hosted anti-military recruiting meetings for parents and youth.
Computer lab and Jardineros programs continue.

**Financial Report:**
**Torta Booth**
Ana Barreto presented financials for 2005 torta booth. Diane again did an amazing job of running
booth. Discussion held with ideas and feedback given for next year.
**La Casa Profit and Loss Report:**
Report given and discussed.
Will change format of financial reports which provides more details and easier for reporting
documents when requested.
Workman's Comp coverage process concluded and current.
We need to fundraise and continue raising funds to cover expenses, including all salaries.
Discussion held on fundraising ideas.
Awaiting news from grants written from local foundations, Wood-Clayessens and Karuna. Will apply for
McCune in January.

**Motion**: La Casa board members will convene next Tuesday at 6pm to create
1) Policy to retain staff given limited cash flow
2) A realistic fundraising plan for the short term to pay back debt and pay ED owed salary
Made by Lisa, second by Diane. Motion passes

**Nomination Committee:**
**Motion:** Ralph moves to nominates Alejandra Luna and Susan Brindle to be accepted on the board of directors, Second by Lisa.
Discussion held on both Alejandra and Susan.
Motion passes
Ralph will contact Alejandra and Susan to welcome them to the board.
**Motion:** Diane makes motion to as a member of the nominations committee will meet with Toni Shultueis to answer questions from her and the nomination committee, motion second by Lisa.
Motion passes.

**La Casa's 35th Anniversary:**
Discussion held about the upcoming event. Board will think of ideas and will discuss at upcoming Board Retreat.

**Motion:** Ralph moves to adjourn meeting at 8:30pm, second by Diane.

**La Casa De La Raza**
**Board   Meeting**
**Minutes**
**May 27, 2011**
**5:00 pm**

Attendance: Juliet Betita,  Marisela Marquez, Gloria Sánchez-Arreola, Alejandro Vásquez,
Ex-officio Raquel López
Absent: Susan Brindle

I.       Call to Order:  5:15pm by Marisela Marquez, President
         Approval of Agenda:  Motion to accept by A. Vasquez, Second by G. Sanchez-Arreola.
               Discussion: None. Opposition: None. Motion Passed.


II.      Board Changes
         Resignations
         A. **Motion** to accept resignation of board members George Solinas, Diane Gonzalez, Luis
         Moreno, and Gloria Sanchez.
         Made by A. Vasquez.
         Second:  J. Velarde Betita.
         Discussion held.
         Opposition:  None   **Motion Passed**

IV.  Accepting nominations.
         A.  **Motion** to accept Saul Serrano and Enrique Arreola on to the board of directors
         Made by A. Vasquez Second:  G. Sanchez
         Discussion: None. Opposition: None
         Motion Passed.
         B.  **Motion** to accept new nominations (J. Espinoza, J. Andrade) recommendation
         made by J. Velarde Betita.
         Second by:  A. Vasquez
         Discussion:  Community service history of each person presented.
         Opposition:  None   **Motion Passed**

V.       Budget
         A. **Motion** to accept budget for 2011 until June 14th board meeting where individual programs
         expenditures for the last 6 months will be presented
         made by G. Sanchez
         Second;  A. Vasquez
         Discussion:  presented in the above motion.
         Opposition:  None    **Motion Passed**


         B.  SBB&T loan update:  Casa attorney T. Castello has purchased the loan.
         Plan:  To send a proposal to local Foundation to buy out T, Castello's loan either as a payout with
         a lower interest rate or a payment plan.

VII.    Fundraising
    A.  Torta Booth Staffing.
    Plan:  Each board member provides a schedule when available and recruit volunteers to work
alongside them during their volunteer time.

VIII.    Executive Director's Report
    A.  Personnel Changes discussed.

    B.  Calendar of Events/Programs
     1.  Torta Booth.
      a.  Board members to bring calendar to next board meeting to set up work schedule.
      b.  Discussion of vegetarian torta menu.
     2.  Festival – September 18th
        a.  Radio Bronco sponsor.  Location: Street party (block in front of La Casa will be
blocked off) Fundraiser for La Casa.
        b.  Photo Exhibition, sponsored by the Mexican Consulate will be on display at La Casa
during this weekend.
     3.  La Casa's 40th Anniversary will be discussed at next board meeting.
    Celebrations (activities and events) will be during the months of Oct. and Nov.

VIIII.  **Meeting adjourned at 7:50 pm**
    Meeting notes respectfully submitted by
    Juliet Velarde Betita, Sec.

La Casa de La Raza
Board of Directors Meeting
Minutes
Prepared by Saul Serrano

October 11, 2014
10:00 AM – 12:00 PM

I.   **Call to order 10:30 AM**
    Attendance: Susan Brindle, Marisela Marquez, Saul Serrano, Juliet Betita-
    Velarde, Elizabeth Robinson
    Ex. Officio/Staff: Raquel Lopez

II.   **Announcements/ Public Comments:**
    None

III.   **Ongoing Business**
    a. **Executive Director's Report**
        i. Fernando's Churrros no longer kitchen tenant
        ii. Pipeyes Tacos no longer kitchen tenant
        iii. Facilities Committee – Will look into tenants and policies on space
            rental and exploring facility details
        iv. Mercado Tonantzin/Holiday Marketplace (Dec 7th)
            1. October 18, free HIV testing, hepatitis testing, Pacific Pride
                and Community Clinic
        v. Quetzal Concert – Professors Diane Fujino & George Lipsitz organized this
            event. La Casa hosting community concert/music conference to be held at
            UCSB
        vi. Raquel is out of the office for Courage to Lead retreat series Nov 11
            through 14th
        vii. Torta Booth – discussion held, ideas for next year.
    b. **SB County Matter**
    Nick Schneider – Met with attorney regarding property tax and next step to take
    regarding reimbursement.
    c. **Grants**
        i. Accepted Grant $10,000 SB Foundations
        ii. Fund for Santa Barbara $5,000
        iii. Mtg scheduled a meeting with Santa Barbara Foundation

IV.   **New Board Members**
    Diana Aldapa has been nominated by Saul Serrano
    Discussion held regarding nomination made Saul.
    **Motion** by Saul and Second by Elizabeth
    **Motion Passes**

**V.     Upcoming Board Meetings**
   **a.  Board Retreat: November 8th 9am to 3pm**
   **b.  December 9 – 5:30 to 7:30**
         i.   Holiday Party/Volunteer Thank you
         ii.  December 16th alternate date
         iii. January 13th upcoming fundraiser

**VI.    Motion to Adjourn** at 12:04pm p.m.
    by Susan and Second by Juliet
    No opposition.  Passed

La Casa de la Raza Board Meeting
Minutes
June 9, 2014
Prepared by Susan Brindle

Lunch Meeting held at Del Pueblo Café
12:00- 1:30pm

Attendance: Marisela Marquez, Rose Amber Gonzalez, Susan Brindle, Juliet Betita,
Saul Serrano
Leave of Absence: Angela Portillo & Nicolas Centino


I.      Meeting called to order at 12:09 PM

II.     Announcements/Public Comment: None

III.    Approval of Agenda made by Susan, second by Amber.

IV.     Table Approval of Minutes until next meeting.


V.      Ongoing Business:
        Executive Director reminded board of upcoming torta booth fundraiser.
        Need volunteers, especially in evening hours.

VI.     New Business:
        Nomination of new board members:
        Discussion held regarding interviews by board and staff of potential new board
        members over the past two months.
        Motion: Amber makes motion to nominate Maria Hernandez, Elizabeth Robinson,
        Tomas Carrasco, and Sebastian Aldana to the board of directors.
        Second by Saul.
        Motion passes.

        Raquel will schedule new board member's orientations before next board
        meeting on July 19th, 2014.

        Meeting adjourned at 1:30pm.

La Casa de la Raza
Board Meeting/ Retreat
Minutes
Saturday, January 30, 2016

Meeting Called to order at 9:35am

In attendance: Diane Fujino, Susan Brindle, Marisela Marquez, Elizabeth Robinson,
Kathy Serrano, Saul Serrano

Annual Retreat Discussion held.

Call meeting to order as a board: 11:35am
**Motion** made by Saul, Second by Diana. Motion passes

Agenda:
1. Accept Loan - from L. Villegas for $5,000
2. Switch Donation Letter – Marisela Marquez loan in amount of $7,500 to gift.
3. Short Term Action and Long Term Actions from Fundraising Retreat – To adopt
4. Mortgage Loan Refinancing –authorizing and pre-approving next actions
5. New Board Member Nomination

**Motion** to accept agenda by Diana, second by Susan; **passed by consensus.**

1. Board accepts the $5,000 loan from Luis Villegas.
**Moved** by Saul second by Diana. **Motion Passes.**

2. Switching funds from loan to gift Marisela Marquez:
**Moved** by Diana, Second Susan. **Motion passes by consent.**

3. **Motion** to Accept Short term and long term fundraising plan
   Moved by Diana, Second by Diane F. **Passed by Consent**
4. **Motion** made to Authorize Matt Clark and Mike Gonzalez to represent La
   Casa between now and Feb 9. 2016.
   Moved by Elizabeth, Second Susan. **Passed by consent.**
5. **Motion** made by Saul to nominate Ismael Huerta to board, second by Susan.
   Brindle. Discussion held.
   Motion Passes.

Motion to adjourn: Moved Saul second by Susan.

Adjourn 12:15pm

CASA de la RAZA
Board Meeting
Minutes
Aug 9, 2016

In attendance: Marisela Marquez, Saul Serrano, Elizabeth Robinson, Diana Aldapa, Diane Fujino
Staff: Raquel Lopez
Guest: Eric Bensamochin, Michael Gonzalez

Call to Order 6:00pm
Announcements/Public Comments
Approval of Agenda; Move by Elizabeth second by Saul, approved by consent
Approval of Minutes; Move by Elizabeth second by Diana, approved by consent

1. Ongoing business
   Executive Director's Report
- Discussed contract with Youthbuild
- Discussion held about torta booth.

2. Legal Matters Update – Eric/Marisela
- Updates and discussion on Chapter 11 and adversary proceedings.
- CPA and appraiser have been approved.
- Discussion about partitioning/selling part of the property where auto body shop is located.
- Discussion held about possibilities with building in the future. Inviting board to make policy to look into these kinds of options.
- Fisher - confirmed mediation. Discussion held about process.
- Appraiser will have report by the end of the month.

3. New Business
a. Facility/Rental Updates
Discussion held about partners in building as well as auto body space.
**Motion** by Elizabeth second by Diana: To increase the rent of space used by Flores Autobody to $4,750 per month effective October 1st and to serve notice to Flores immediately.
Motion passes.
Instruct staff to take inventory of space.

**Motion** by Diana second by Elizabeth: Effective this date August 9, 2016 we (Casa Board) directs staff to do review written standard contracts with renters that includes other standard language, such as no subleasing and directs staff to conduct space inventory.
Motion passes on consent.

b. New Board Members
Marisela polled the board via email about Michaels assignment to the board. Everyone voted in his favor on August 1, 2018.
**Motion** to accept and formalize board's email voting of Michael Gonzalez on to the board made by Elizabeth, second by Diana. Motion passes.
Michael Gonzalez formally accepts his position on the board.

Motion to adjourn by Saul, second by Diana.

Next meeting August 18, 6pm - 8pm

**La Casa de la Raza**
**Board of Directors Meeting**
**Minutes**
**September 13, 2017**
**Prepared by Saul Serrano**

I.     Called to Order at 6:23pm by Board President Michael Gonzalez
Attendance: Elizabeth Robinson, Ismael Huerta, Michael Gonzalez, Saul Serrano,
Diane Fujino   Ex. Officio/Staff: Raquel Lopez

II.    Announcements/Public Comments
        Fundraiser/Poetry Night, Admission $20 proceeds for La Casa

III.   Approval of Agenda
        **Motion** by Elizabeth, Second Ismael-   **Motion Passes**

IV.   Approval of Minutes July 26, 2017
        Discussion held.
        **Motion** by Diane, Second by Ismael Passes – **Motion Passes**

V.    Ongoing Business
   A. Executive Director's Report –
         a.  La Casa has met its annual adopted budget halfway through year.
               a.  Donations/events have increased.
         b.  Staff put up a Dreamers welcome banner on tower
         c.  September 23rd event on DACA will be held at Casa.
         d.  Conference Room is filled with Table Cloths, over 1000 donated
         e.  **Motion** made by Ismael/ second by Elizabeth
              To authorize c staff to host a sale of tablecloths at $5 per tablecloth and
              Casa Board, staff, and volunteers can be first to purchase the tablecloths.
              **Motion passes**
         f.  We have been invited to apply for a grant with Fund for Santa Barbara
              and Independent. The board authorizes staff to pursue SB Gives.
         g.  Raquel on vacation October 30-November 4, 2017.

   B. Legal Matters:
         a.  Updates provided regarding partnership with St. George. We are
              scheduled to complete this sale soon.
               a.  St George is exploring ideas on possible investment ideas.
               b.  Brainstorming Ideas – Saturday Meeting
         b.  Neighbor/Gallagher filed a legal claim against La Casa. The claim was
              later dropped and dealt with by BK attorney Eric.
         c.  **Motion:** Michael Gonzalez is empowered to conclude a sale of half of the
              square footage approximately 15,000 sq. ft. of la Casa with the conditions
              that the sale be an equitable 50%/50% with Ed St George for $1.1 Million.
              Motion by Saul, second by Ismael.
              **Motion Passes**

   C. Radio Station Updates
         a.  Started Job Description for the Station. There is a meeting of the
              radio-organizing group. Fundraising event to be held.

D. Fundraising Strategies
   a. Tablecloth Sale
   b. SB Gives/ End of year appeal letter.
   c. Underwriting campaign for radio station.

e. Presidents Report
   a. Meeting held with representative of local foundations. Discussion held and possibilities explored for future.

VI.    New Board Members
   a. Discussion held about candidates.
   Three Candidates:
- Mark Martinez –
   **Motion** by Ismael and Second by Elizabeth to accept the Michael Gonzalez's nomination of Mark Martinez to the board of directors.
   **Motion Passes**
- Gary Colmenar –
   **Motion** by Saul and Second by Ismael to accept Michael Gonzalez's nomination of Gary Colmenar to the board of directors.
   **Motion Passes**
- Luis Villegas –Michael is nominating Luis Villegas to serve as a new board member. Discussion held.
   **Motion:** Made by Elizabeth Second by Diane to accept Luis as a new board member. Michael will forward resume and application to board and poll the board for final acceptance of Luis Villegas to board.
   **Motion Passes**

   b. Michael/Raquel will continue meeting with prospective board members being recommended.

VII.   Upcoming Events:
   November 2nd – Dia de los Muertos/ Gloria/Eddie will continue to be lead on event

**Motion to Adjourn by Ismael second by Diane**
**Adjourn at 9:25 pm**

# EXHIBIT "C"



# STATE OF CALIFORNIA

## OFFICE OF THE
## SECRETARY OF STATE

*File number # 623708*

I, *EDMUND G. BROWN JR.*, Secretary of State of the State of California, hereby certify:

That the annexed transcript has been compared with the RECORD on file in this office, of which it purports to be a copy, and that same is full, true and correct.

*IN WITNESS WHEREOF*, I execute this certificate and affix the Great Seal of the State of California this

MAY - 7 1971

*Edmund G. Brown Jr.*

**Secretary of State**

623700

## ARTICLES OF INCORPORATION

### OF

### LA CASA DE LA RAZA

ENDORSED
FILED
in the office of the Secretary of State
of the State ... ...nia
MAY  7 1971

EDMUND G. BROWN Jr., Secretary of State
By JAMES E. HARRIS
Deputy

I

The name of this corporation shall be LA
CASA DE LA RAZA.

II

The purposes for which this corporation is
formed are:

(a)   The specific and primary purposes are
to establish and maintain a free museum and library
open to the public, and to provide to the Mexican-
American community a reference service where informa-
tion concerning employment, educational opportunities,
housing, public assistance, medical, legal and govern-
mental aid may be obtained without charge.

(b)   The general purposes and powers are to
have and exercise all rights and powers conferred on
nonprofit corporations under the laws of California,
including the power to contract, rent, buy or sell
personal or real property, provided however, that this
corporation shall not, except to an insubstantial de-
gree, engage in any activities or exercise any powers
that are not in furtherance of the primary purposes
of this corporation.

III

That this corporation is organized pursuant
to the General Nonprofit Corporation Law of the State
of California and does not contemplate pecuniary gain
or profit to the members thereof and it is organized
for nonprofit business purposes.

1

IV

That the county in the State of California where the principal office for the transaction of the activities of this corporation is located is Santa Barbara County.

V

The general management of the affairs of this corporation shall be under the control, supervision and direction of the board of directors. The names and addresses of persons who are to act in the capacity of directors until the selection of their successors are:

| Names | Addresses |
|-------|-----------|
| Rosendo R. Castro | 423 North Soledad Street<br>Santa Barbara, California 93103 |
| Miguel J. Lemus | 4241 Mariposa Drive<br>Santa Barbara, California 93105 |
| Leopoldo Martinez | 2315 Whitney Avenue<br>Summerland, California 93067 |

VI

The number and qualifications of members of the corporation, the different classes of membership, if any, the voting and other rights and the privileges of members, and their liability for dues and assessments and the method of collection thereof, shall be set forth in the By-Laws.

VII

The property of this corporation is irrevocably dedicated to charitable purposes meeting the requirements for exemption provided by Section 214 of the Revenue and Taxation Code and no part of the net income or assets of this organization shall ever inure to the benefit of any director, officer or member thereof or to the benefit of any private individual.

2

Upon the dissolution or winding up of the corporation,
its assets remaining after payment of, or provision for
payment, of all debts and liabilities of this corpor-
ation, shall be distributed to a nonprofit fund, founda-
tion or corporation which is organized and operated
exclusively for charitable purposes and which has es-
tablished its tax exempt status under Section 501(c)(3)
of the Internal Revenue Code.  If this corporation holds
any assets on trust, or the corporation is formed for
charitable purposes, such assets shall be disposed of
in such manner as may be directed by decree of the
superior court of the county in which the corporation
has its principal office, upon petition therefore by
the Attorney General or by a person concerned in the
liquidation, in a proceeding to which the Attorney
General is a party.

## VIII

This corporation shall distribute its in-
come for each taxable year at such time and in such
manner as not to become subject to the tax on undis-
tributed income imposed by Section 4942 of the
Internal Revenue Code of 1954, or corresponding pro-
visions of any subsequent federal tax laws.

This corporation shall not:

(a)  Engage in any act of self-dealing as
defined in Section 4941(d) of the Internal Revenue
Code of 1954, or corresponding provisions of any
subsequent federal tax laws;

(b)  Retain any excess business holdings
as defined in Section 4943(c) of the Internal Revenue
Code of 1954, or corresponding provisions of any sub-
sequent federal tax laws;

(c)  Make any taxable investments in such
manner as to subject it to tax under Section 4944 of
the Internal Revenue Code of 1954, or corresponding
provisions of any subsequent federal tax laws; or

(d)  Make any taxable expenditures as de-
fined in Section 4945(d) of the Internal Revenue
Code of 1954, or corresponding provisions of any
subsequent federal tax laws.

3

## IX

No substantial part of the activities of this corporation shall consist of the carrying on of propaganda, or otherwise attempting to influence legislation, nor shall this corporation participate or intervene in any political campaign on behalf of any candidate for public office.

## X

This corporation reserves the right to amend these articles of incorporation; however, Articles II and VII may only be amended in a manner that will not affect the corporation's right to an exemption from tax.

IN WITNESS WHEREOF, the undersigned, being the persons hereinabove named as the first directors, have executed these Articles of Incorporation, this 26 day of JANUARY , 1971.

_____
Rosendo R. Castro

_____
Miguel J. Lemus

_____
Leopoldo Martinez

4

# EXHIBIT "D"

Casa de la Raza
Board Meeting
February 9, 2016

Agenda:
Called to order – 6:35 pm
Members Present: Marisela Marquez, Susan Brindle, Diana Aldapa, Raquel Lopez
                    Saul Serrano, Elizabeth Robinson, Diane Fujino
Absent: Kathy Serrano
Staff: Raquel Lopez

1. Welcome
   a. Discussion took place with Matt about extending the hearing
      scheduled for Feb 10. Matt has informed us that the judge did a
      preliminary ruling to not extend the restraining order.
   b. Mike Gonzales and Saul had a phone call with Tomas. Tomas was not
      reached. Tomas and Mike communicated about an alternative.
   c. The judge sent a two-page statement to casa about the ruling that will
      be taking place tomorrow.
   d. Court hearing is at 9:30 and Tomas has set the foreclosure at 1pm.

2. Meeting to take place at 7:30 am at casa with Toma's attorney and casa staff
   and some board members. The goal of the meeting is to come to an
   understanding to avoid foreclosure.

Motion: Authorizing Matt Clark to continue to defend la casa and ratify passed
decisions between last board meeting and now and authorize future decisions from
this point forward. Made by Diana and Second by Susan. Passes by Consent

Motion: We are authorizing Matt Clark to file Bankruptcy chapter 11 as a
contingency to a negative outcome of the court hearing in order to avoid foreclosure
before 1pm. Motion by Elizabeth Second by Susan Brindle. Passes by consent.
Abstain by Diana Fujino.

Motion: Move to Adjourn by Saul, Second by Diana.